UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                 <u>DECISION AND ORDER</u>

                                                                 06-CR-6077L
                                                                 11-CV-6417L

                          v.

HOWARD DENNIS KELLY,

                                  Defendant.
_____

       Howard Dennis Kelly ("Kelly") was charged in a one count indictment with escape from a federal institutional facility (a halfway house in Rochester, New York). Kelly was convicted after a three-day jury trial and was sentenced by this Court principally to a term of 54 months imprisonment. Kelly filed a direct appeal and the Second Circuit Court of Appeals affirmed the conviction in a summary order, *United States v. Kelly,* 368 Fed. Appx. 194 (2d Cir.), *cert. denied,* ____U.S. ___ 131 S. Ct. 349 (2010).

       Kelly then filed the instant motion, *pro se,* to vacate or set aside the judgment, pursuant to 28 U.S.C. § 2255. The Government responded to the motion (Dkt. #130). Thereafter, Kelly filed several lengthy documents (Dkt. #132, 138, 139, and 140), some entitled "Justice in the Balance" in which he rails against the Government attorney, and this Court.

       After reviewing the motion and all the prolix materials submitted by Kelly, as well as the Government's response, I find no basis to grant the motion and, therefore, the motion is in all respects denied.

       The criminal case against Kelly was a rather simple, uncomplicated one. Trial, including jury selection, closing arguments and proof took only three days. Kelly was serving a prior sentence and was allowed to transport himself from the Fort Dix Federal Correctional Institution to the halfway

house in Rochester, New York. He left Fort Dix but never appeared at the Rochester, New York halfway house. He was eventually tracked down hiding at a campsite in the New Hampshire woods where he was found in possession of numerous false and fraudulent identification cards, documents and bank accounts.

The Government's evidence at trial was straightforward and very strong. There were live witnesses and documentary evidence indicating that Kelly was released and directed to appear at the halfway house. He signed documents acknowledging that requirement and there was a witness from Fort Dix who described personally advising Kelly of the requirements and witnessing Kelly's signature on the appropriate documents.

Kelly, on appeal, challenged the element of willfulness and the Court's charge on the matter, and the Second Circuit found no error and affirmed the conviction. In essence, Kelly challenged the sufficiency of the evidence and the Second Circuit rejected that.

As the Government notes, Kelly has submitted a 119 page *pro se* motion, not to mention the numerous papers referenced above that Kelly filed subsequent to the Government's response. Like the Government, this Court has some difficulty deciphering precisely what Kelly's claims are but does not disagree with the Government's analysis that Kelly asserts misconduct on the part of the Government prosecutor and this Court. In addition, Kelly claims his several defense counsel and appellate counsel provided ineffective assistance and, finally, Kelly claims that he is actually innocent of the charge of escape.

Dealing with the actual innocence claim, even if such is cognizable on a § 2255 motion, the claim lacks merit here. Even a cursory review of the trial record indicates that the Government presented evidence from which a juror could find guilt beyond a reasonable doubt. The charge was straightforward and simple and the proof was very strong. Kelly has failed to present any new reliable evidence of his so-called actual innocence. The trial jury's verdict and the Second Circuit's affirmance of the verdict and judgment warrants rejecting out of hand this aspect of Kelly's motion.

The numerous claims of judicial and prosecutorial misconduct were advanced by Kelly as

part of his direct appeal of the conviction. On appeal, Kelly submitted a 45 page *pro se* supplemental brief together with a 52 page memorandum with exhibits. A § 2255 motion is not a vehicle to relitigate matters previously raised and rejected on direct appeal. Kelly's rambling diatribe against all the participants in his criminal trial deserve little consideration here; the Second Circuit found that none of his claims had merit. The claims lack merit and are supported by nothing in the record.

Kelly's claim that his counsel provided ineffective assistance of counsel is belied by the record. Kelly fails to meet the stringent standard for proving such claims as established by the United States Supreme Court in *Strickand v. Washington,* 466 U.S. 668 (1984). Kelly must establish that counsel's performance was deficient and that it was prejudicial to his case. Defendant must prove both prongs of this test and there is a strong presumption that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. Disagreements about trial strategy, etc., do not form the basis for a claim of ineffective assistance of counsel.

In his motion, Kelly lists scores of items he claims constituted ineffective assistance. It is hard to keep track, but it appears there were well over 100 instances. As an aside, it seems difficult to imagine that there could be that many deficiencies in a trial that lasted little more than three days.

The Government sets forth in its response, p. 12-14, a recitation of defense counsel's activities on Kelly's behalf. Kelly's second guessing and conclusory statements provide no basis for a legitimate ineffective assistance of counsel claim.

In addition, as the Government notes in its response, it is virtually impossible for Kelly to demonstrate prejudice in light of the exceptionally strong and forceful nature of the Government's case.

CONCLUSION

The motion of Howard Dennis Kelly to vacate the sentence and judgment pursuant to 28 U.S.C. § 2255 is in all respects denied.

The defendant's motion to amend (Dkt. #139) is granted.  Defendant's motion (Dkt. #132) pursuant to 18 U.S.C. § 3332 is denied.

I deny a certificate of appealability because Kelly has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 1, 2012.